UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN VOAGE,<br><br>                              Plaintiff,<br><br>v.<br><br>DR. SHPANER, et. al,<br><br>                              Defendants. | Case No.:  21CV420-WQH (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[ECF No. 18]** |

On September 7, 2021, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, submitted a Motion to Appoint Counsel that was received on September 20, 2021.  ECF Nos. 17 and 18; see also ECF No. 6 (order granting motion to proceed *in forma pauperis*).  In support of his Motion, Plaintiff alleges that (1) he cannot afford a lawyer, (2) he qualifies under the Americans with Disabilities Act and is unable to write or type on his own, (3) he has made "a diligent effort" to find counsel, (4) his case presents novel and complex issues, (5) access to the prison law library is greatly limited and books cannot be checked out for research in cells, (6) he is a layman and untrained in the law, and (7) his imprisonment limits his ability to litigate his case. ECF No. 18 at 1-5.  Having considered Plaintiff's Motion and the applicable law, the Motion is **DENIED** for the reasons set forth below.

///

## **LEGAL STANDARD**

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## **DISCUSSION**

Thus far, Plaintiff has drafted and submitted several pleadings without the assistance of counsel. See Docket. In addition to the instant Motion, Plaintiff has submitted a Complaint [ECF No. 1], a Motion to Proceed *in forma pauperis* [ECF No. 2], a motion for copies [ECF No. 5], and two motions for extensions of time to respond to Defendants' motions to dismiss [ECF Nos. 13 and 15]. From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case. Additionally, there is no indication that the issues are overly complex.

While it is too early for the Court to determine Plaintiff's likelihood of success on the merits, Plaintiff fails to establish the requisite "exceptional circumstances" that would warrant appointment of counsel. A plaintiff is only entitled to appointed counsel if he can show "that because of the complexity of the claims he [is] unable to articulate his positions." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F.3d 952 (9th Cir. 1998) (en banc); see also Taa v. Chase Home Fin., 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting that plaintiffs' lack of legal training and poverty did not constitute exceptional circumstances, as these are the types of difficulties many other litigants face in proceeding in pro se); Wilborn, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex issues."); see also LaMere v. Risley, 827 F.2d

622, 626 (9th Cir. 1987) (affirming a district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").  Plaintiff has not established that this case is "exceptional" or that the issues in it are particularly complex.  Plaintiff's arguments regarding his disabilities under the Americans with Disabilities Act do not change this analysis.  See Jones v. Kuppinger, 2015 WL 5522290, at *3–*4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."); see also Jones v. Stieferman, 2007 WL 4219169, at *1 (E.D. Cal., Nov. 29, 2007) ("being disabled and requiring use of a wheelchair to assist with mobility is not the type of exceptional circumstances which allow the court to request voluntary assistance of counsel"); Sierra v. CDCR Director, 2019 WL 6790632, at *1 (E.D. Cal., Dec. 12, 2019) (denying plaintiff's request for counsel on the grounds that he was disabled and bedridden where "plaintiff has so far demonstrated that he is capable of filing numerous motions and prosecuting this case without the assistance of counsel."); Lal v. United States, 2020 WL 8619961, at *1 (E.D. Cal., Sept. 21, 2020) (finding that plaintiff's "argument that he qualifies as an individual with a disability under the Americans with Disabilities Act (ADA) because he is an insulin dependent diabetic" did not establish the required exceptional circumstances and stating that "plaintiff's disability status does not automatically require the appointment of counsel.")

Because Plaintiff failed to allege the requisite "exceptional circumstances," it is not in the interest of justice to appoint counsel at this time.  Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED.**

Dated:  9/22/2021

Hon. Barbara L. Major
United States Magistrate Judge